IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| JERRY WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DALLAS<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL |

**PLAINTIFF'S FIRST ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JERRY WILLIAMS (hereinafter "plaintiff" or "Williams"), complaining of and about Defendant City of Dallas ("City" or collectively "defendants"), and for cause of action shows unto the Court the following:

**I.
PARTIES AND SERVICE**

1. Jerry Williams is an individual who resides in Dallas County, Texas. Williams is a United States citizen, and a citizen of the State of Texas.

2. Defendant City of Dallas is a municipality organized under the laws of the state of Texas. It has employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and therefore, is an "employer" within the meaning of the Texas Commission on Human Rights Act, Chapter 21.002(8)(D) of the Texas Labor Code, as amended (West Texas Codes Annotated 2025). The City

of Dallas will be served with process by serving the city secretary of said municipality, Ms. Bilierae Johnson or her designated agent for service at City Hall, City Secretary's Office, 1500 Marilla Street, Room 5 D South, Dallas, Texas 75201. Issuance of summons is requested at this time.

## II.
## JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. Section 2000e-2(a)(l), the Civil Rights Act of 1964, as amended ("Title VII"); and 42 U.S.C. Section 1983 as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over any state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## III.
## NATURE OF ACTION

5. Plaintiff is pursuing this action under Title VII of the Civil Rights Act and 42 U.S.C. Section 1983 against the City to correct unlawful employment practices in order to remedy violations against him for participating in and opposing investigations of unlawful employment conduct against him and for filing grievances against his supervisors at the City, as well as age discrimination claims. Plaintiff is also suing officers and managers identified in the petition individually under 42 U.S.C Section 1983. Plaintiff is also alleging retaliation under the Texas Labor Code.

## IV.
## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein; and was filed timely with the Texas Workforce Commission and Plaintiffs Complaint is filed within ninety days of Plaintiffs receipt of the Equal

Employment Opportunity Commission's issuance of a right to sue letter.

## V.
## FACTS

7. Plaintiff was employed with the City for 26 years and his last assignment was an Asphalt Manager in Transportation and Public Works ("Public Works") within the City of Dallas.

8. Williams' supervisors in Public Works included Michael Bonsu and Tina Richardson and Carlos Fletcher. Bonsu and Fletcher have been supervised by, for at least part of their tenure, Tina Richardson, the Assistant Director for the Public Works department. Bonsu's boss at the time, and at all relevant times, has been Richardson. Richardson and Fletcher are still with the City—Charles Middleton is not (mentioned infra). However, Bonsu is still employed at the City of Dallas.

9. Bonsu, Fletcher and Richadson and other managers or directors, at all times unless specified otherwise, were acting as employees for the City of Dallas.

10. In late September/October 2023, Williams informed the City of a request to investigate through the ethics portal allegations presented to the City about Michael Bonsu delaying a public service request. In February 2024, plaintiff requested a follow-up with David Giles, investigator assigned by the City—no action occurred. On February 21, 2024, Williams was placed on administrative leave by the City based on unsubstantiated allegations by a former employee, Charles Middleton, who provided false statements a weeks after he resigned was working under plaintiff and who had violated many City employment guidelines before his transfer to the Williams team. No other statements were presented by the City against plaintiff.

11. On February 26, 2024, Williams filed a grievance against Bonsu, Richardson and Fletcher for not responding to Williams' ethics complaint. It is undisputed that this complaint was filed where an investigation occurred has not been substantiated by the City. After said complaint was

Plaintiff's Original Complaint                                                                                                                   Page **3** of **8**

filed, retaliation against Williams became common practice by the managers and supervisors of Williams, forcing plaintiff to make subsequent complaints of retaliation, which would be ignored.

12. The actions and behavior of Bonsu, Fletcher and Richadson form the contextual backdrop against which plaintiff's instant lawsuit begins to take shape. Bonsu has well well-documented misconduct such as using public employees to personally repair his personal vehicle on the clock. Bonsu, Fletcher and Richadson used their retaliatory tactics to bully, intimidate, and ultimately terminate William who stood up to them.

13. After filing these complaints, Middleton, Reginald Jackosn and Herbert Jones ironically were supposed complainants against Willaims that led to receiving notice of alleged violations on February 13, 2024, alleging violations of City employment guidelines. On the same day, Michael Bonsu aggressively banging his hand on a table shouted to plaintiff that he needed to resign because Charles Middleton and Herbert Jones admitted their involvement with the theft of City materials namely asphalt. Both employees report directly to Reginald Jackson, a supervisor in Public Works who was also told to resign, and he did. Micheal Bonsu stated several times that plaintiff "need[ed] to resign because he had videos that [Williams] was a part of the theft of City materials along with all three employees named above." Bonsu yelled at Williams and slammed his fist on his desk and was unhinged saying that "City HR had something for [plaintiff]!" Williams reported this incident to HR.

14. On February 21, 2024, plaintiff received disciplinary documentation and was discharged from the City on October 16, 2024.

15. Ultimately, the City has been unable to put forth any evidence even before the Texas Workforce Commission that supports termination of Williams for misconduct.

16. Since October 7, 2024, plaintiff has sought and participated in the City's appeal process concerning his termination. The appeal process is now concluded.

17. Plaintiff does not currently work for the City of Dallas but is actively looking for employment.

## VI.
## CAUSES OF ACTION

### 1. RESPONDEAT SUPERIOR AND RATIFICATION

18. Under Title VII causes of actions, whenever in this complaint it is alleged that defendant(s) did any act or thing, unless otherwise alleged, it is meant that the defendants' respective officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the respective defendants or was done in the normal and routine course and scope of employment of defendants' respective officers, agents, servants, employees, or representatives.

19. Additionally, under the theory of ratification, a principal can be held vicariously liable for the acts of its agent that are outside the scope of the agent's authority, if the principal adopts or confirms those acts. Plaintiff alleges that, unless otherwise specified, the City adopted and ratified the acts of its employees and supervisors when they failed to investigate the harassment and discrimination prevalent in the City and especially the Public Works department, and when they failed to in any way hold supervisors and human resources accountable for their unlawful, discriminatory and retaliatory behavior towards Williams.

20. In addition, plaintiff also alleges that Bonsu and Richardson individually violated plaintiff's constitutional rights under the "color of law" outside Title VII.

### 2. RETALIATION BY CITY OF DALLAS- TITLE VII

21. Plaintiff incorporates the facts pled above herein.

22. To set out a prima facie case of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.S. § 2000e et seq., retaliation, a plaintiff must show (1) that he engaged in activity protected

by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.

23. When Williams filed grievances against Bonsu first his manager for violation of safety protocol in 2023, and when he similarly complained of manager Richardson and Fletcher in 2024, Bonsu started to target him. Defendants scrutinized his work to no end, dissimilar to the way they treated other employees. Filing an internal grievance is a protected activity under Federal law and Title VII. Mysteriously, Williams was then issued a notice of investigation and termination in the short fashion months after his grievances were filed. Plaintiff for 26 years never had an infraction with the City.

24. In response, city managers, including Bonsu and Richardson 1) issued a notice of investigation and suspension, 2) suspended plaintiff as an irregularity to City routine processes of notice of investigation and issued a hurried evaluation, 3) made frivolous sanctions and punishments, and 4) issued a disciplinary step under false pretenses against City Policy.

### 3. STATE - EMPLOYMENT DISCRIMINATION

25. Plaintiff incorporates all facts pled above as if fully set forth herein.

26. Defendant City of Dallas retaliated against plaintiff in violation of Section 21.051 of the Texas Labor Code. As pled above, plaintiff engaged in protected activity by filing grievances internally concerning dereliction of public safety. For this, plaintiff was targeted, harassed repeatedly, scrutinized, and eventually terminated by a retaliatory and unsubstantiated theft allegation, as well as unsubstantiated violation of City tobacco policy and supposed condoning of use of City vehicles by employees that plaintiff did not supervise. Plaintiff was terminated because he engaged in the said protected activity, and any assertions to the contrary are mere pretext.

### 4. DAMAGES

27. Plaintiff pleads his damages within the jurisdictional authority of this court. Plaintiff

sustained the following damages as a result of the actions and/or omissions of defendants described hereinabove:

    a. Actual damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of plaintiff;

    c. Back pay from the date that plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make plaintiff whole;

    h. Inconvenience;

    i. Interest;

    j. Mental anguish in the past;

    k. Mental anguish in the future;

    l. Compensatory damages'

    m. Punitive damages

    n. Loss of benefits

    o. Attorney's fees and costs of court

## 4. EXEMPLARY DAMAGES

28. Plaintiff would further show that the acts and omissions of defendants complained of herein were committed with malice or reckless indifference to the protected rights of the plaintiff. In order to punish said defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, plaintiff also seeks recovery from defendants for exemplary damages.

# VI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, plaintiff Jerry Williams respectfully prays that the defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the plaintiff against defendants, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to defendants, together with interest as allowed by law; attorney's fees; prejudgment and post judgment interests; costs of court; and such other and further relief to which plaintiff may be entitled at law or in equity.

**Dated: April 28, 2025**

Respectfully submitted,

**CKH LEGAL**

_____
Craig Kyle Hemphill
State Bar of Texas and ND of
Texas No. 24027012
5090 Richmond Avenue, No. 316
Houston, Texas 77056
TEL:  (713) 240-6300
FAX:  (888) 422-2141
Email: craig.hemphill@ckhlegal.com
**LAWYERS FOR PLAINTIFF**