**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY WILLIAMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-01044-O** |
| | § | |
| **CITY OF DALLAS** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant City of Dallas' Motion to Dismiss Plaintiff's Original Complaint and Brief in Support (ECF No. 5) and Plaintiff Jerry William's Response (ECF No. 9), Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (ECF No. 10), Plaintiff's Response (ECF No. 11), and Defendant's Reply (ECF No. 12). After examining the relevant arguments and authorities, the Court **DENIES as moot** Defendant's Motion to Dismiss Plaintiff's Original Complaint and **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

## I. BACKGROUND[1]

This action stems from an employment dispute. Jerry Williams ("Plaintiff") worked for the City of Dallas ("the City") for 26 years with his last position being an Asphalt Manager within the Transportation and Public Works Department ("TPW"). Plaintiff's supervisors at TPW were Michael Bonsu ("Bonsu"), Tina Richardson ("Richardson"), and Carlos Fletcher ("Fletcher").

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's First Amended Complaint. *See* Pl.'s First Am. Compl., ECF No. 8. At the 12(b)(6) stage, the facts are taken as true and viewed in the light most favorable to the Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

According to Plaintiff, Richardson is an Assistant Director at TPW and Bonsu and Fletcher reported to her.

In late September or October 2023, Plaintiff informed Bonsu that a citizen reported a hazardous defect on a public road. Bonsu responded that he was aware of the issue and told Plaintiff that "[h]azards we do address [but] any service request that can be held off should wait till [sic] after October 1st."[2] Bonsu suggested coning off the area until TPW could get to it. According to Plaintiff, the Dallas Mayor's Office became involved in the situation after Bonsu's "directive of no more requests and inaction."[3] Plaintiff subsequently submitted a request through the City's ethics portal for an investigation into Bonsu for delaying a public service request.

Around this same time, Plaintiff was accused by several City employees of violating City employment guidelines for allegedly stealing City materials, namely asphalt. Plaintiff received notice of these allegations on February 13, 2024. The same day, Plaintiff alleges that Bonsu "aggressively bang[ed] his hand on a table [and] shouted to plaintiff that he needed to resign."[4] Plaintiff claims that Bonsu told Plaintiff that he needed to resign because Bonsu had videos showing that Plaintiff was part of the theft of City materials along with other employees. Plaintiff asserts he reported this incident to the City's human resources department. The next day, Bonsu sent an email to Plaintiff and another individual, Felix Soto, that he was making managerial changes and that Plaintiff would be overseeing concrete and Soto would be overseeing asphalt.

On February 21, 2024, Plaintiff was placed on administrative leave by the City based on the theft allegations against him. Several days later, on February 26, 2024, Plaintiff filed a grievance against Bonsu, Richardson, and Fletcher for not responding to his ethics complaint

[2] Pl.'s First Am. Compl. 4, ECF No. 8.
[3] *Id.* at 7.
[4] *Id.* at 9.

against Bonsu. After being placed on leave, Plaintiff requested an update from the City's investigator assigned to Plaintiff's ethics complaint, but no action occurred. Plaintiff then sought out and participated in the City's appeals process regarding his administrative leave but was ultimately discharged from the City on October 16, 2024.

Plaintiff then filed this lawsuit on April 28, 2025, which he amended on June 12, 2025, alleging retaliation under Title VII and violation of the Texas Whistleblower Act. The City filed a Motion to Dismiss Plaintiff's Original Complaint,[5] and after Plaintiff amended his complaint, the City filed a Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff subsequently filed a response, and the City filed a Reply. The City's Motion to Dismiss Plaintiff's Amended Complaint is ripe for the Court's review.[6]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a) pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially

[5] Pursuant to the filing of Plaintiff's First Amended Complaint, the Court **DENIES as MOOT** the City's Motion to Dismiss Plaintiff's Original Complaint (ECF No. 5). *See Singh & Singh LLC v. Berkley Assurance Co.*, No. 4:16-CV-00481-O, 2017 WL 3723770, at *3 (N.D. Tex. Feb. 13, 2017) (explaining it is well-settled that "the filing of an amended complaint generally renders pending motions to dismiss as moot") (cleaned up).

[6] *See* Def.'s Mot. Dismiss, ECF No. 10.

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675 (5th Cir. 2007). However, the court may not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

Plaintiff's Amended Complaint asserts claims for (1) retaliation under Title VII, U.S.C. § 2000e *et seq*., and (2) violation of the Texas Whistleblower Act, Texas Government Code § 554.002.[7] The City moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[8] The Court addresses each argument in turn.

### A. Plaintiff's Title VII Retaliation Claim

Plaintiff argues that the City retaliated against him for filing multiple internal grievances against Bonsu, Richardson, and Fletcher, which Plaintiff asserts is a protected activity under Title

[7] *See* Pl.'s First Am. Compl. 12–13, ECF No. 8; *see also* Pl.'s Resp. 5, ECF No. 11.
[8] *See* Def.'s Mot Dismiss 6, ECF No. 10.

VII.[9] The City asserts that Plaintiff's grievance filings are not a protected activity under Title VII, but even if they were, Plaintiff has not proven a causal relationship between the activity and any adverse employment action.[10] The Court agrees with the City.

"To state a claim for retaliation under Title VII, a plaintiff must show that (1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017). A plaintiff engages in protected activity if he has "(1) opposed any practice made an unlawful employment practice by this subchapter, or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 428 (5th Cir. 2000) (quoting 42 § 2000e-3(a) (citation modified). Only the opposition clause is relevant here. The Fifth Circuit has interpreted "Title VII's opposition clause to mean that a plaintiff engages in protected activity when []he complains of an employment practice that []he reasonably believes violated Title VII." *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 619 (5th Cir. 2020).

Plaintiff's assertion that filing his ethics complaint against Bonsu and filing a grievance against Bonsu, Richardson, and Fletcher for not responding to his ethics complaint are protected activities under Title VII is incorrect. Merely filing an internal grievance or ethics complaint does not automatically classify as engaging in protected activity. *See Moore v. United Parcel Serv., Inc.*, 150 F. App'x. 315, 319 (5th Cir. 2005) (finding that a retaliation claim was not viable because the plaintiff "was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII"). Plaintiff's Amended Complaint does not provide any indication that his ethics complaint or grievance alleged or

[9] Pl.'s First Am. Compl. 12, ECF No. 8.
[10] Def.'s Mot Dismiss 7–9, ECF No. 10.

opposed any unlawful employment practices. Indeed, Plaintiff says in his Amended Complaint that he filed his ethics complaint against Bonsu for "delaying a public service request."[11] Likewise, Plaintiff says he filed his grievance against Bonsu, Richardson and Fletcher "for not responding to [his] ethics complaint."[12] Neither of these is a protected activity under Title VII. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) ("Title VII provides that '[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'") (quoting 42 U.S.C. § 2000e–2(a)(1)). An employee's complaint to his employer that is "without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x. 242, 246 (5th Cir. 2017) (quoting *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015)). Thus, Plaintiff has not sufficiently shown he engaged in conduct protected by Title VII.

Even if Plaintiff's conduct was a protected activity under Title VII, he has not plausibly alleged a causal relationship between his filings of the ethics complaint and grievance and his termination. "At the prima facie case, a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia v. Prof'l Contract Services, Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). However, a grievance filed after any adverse employment action lacks a causal connection to substantiate a retaliation claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).

Plaintiff was placed on administrative leave on February 21, 2024, and was not terminated until October 16, 2024. According to Plaintiff's Amended Complaint, only after Plaintiff was

[11] Pl.'s First Am. Compl. 8, ECF No. 8.
[12] *Id.*

placed on administrative leave, did he file his grievance on February 26, 2024. Thus, a sufficient causal connection does not exist between Plaintiff's grievance and any adverse employment action.

Turning to Plaintiff's ethics complaint, the Fifth Circuit has held that a period of two and a half months between filing a grievance and an adverse employment action is close enough in time to support a causal connection for retaliation, but the Circuit noted that the Supreme Court has approvingly cited a case that held three months was insufficient to show causation. *See Garcia*, 938 F.3d at 243 (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)). Here, it is not clear when Plaintiff filed his ethics complaint, but Plaintiff's Amended Complaint implies that it was in late September/October 2023, which was 4-5 months before he was placed on administrative leave on February 21, 2024. Using this timeline, Plaintiff has not established a causal connection between his ethics complaint and an adverse employment action.

Because Plaintiff has not plausibly alleged that he engaged in conduct protected by Title VII and has not adequately shown a causal link between his activity and an adverse employment action, Plaintiff's Title VII retaliation claim is dismissed.

### B. Plaintiff's Texas Whistleblower Act Claim

Plaintiff's second cause of action is entitled "Employment Discrimination (Whistleblower)" and alleges that the City "retaliated against plaintiff in violation of Section 21.051 [of the Texas Labor Code] as related to Texas Whistleblower Act, Texas Government Code § 554.002."[13] Plaintiff then clarifies in his response to the City's Motion to Dismiss that this is not a "pure employment case—this case is a whistleblower case"[14] and "[t]he claims [he is bringing] are Title VII and the Texas Whistleblower Act."[15] The City argues that Plaintiff's Texas

[13] Pl.'s First Am. Compl. 13, ECF No. 8.
[14] Pl.'s Resp. 1, ECF No. 11.
[15] *Id.* at 5.

Whistleblower Act claim and discrimination claim, to the extent he has pled one, should be dismissed because Plaintiff has not plausibly alleged either claim.[16] The Court agrees with The City.

Section 21.051 of the Texas Labor Code provides that an employer commits an unlawful act if based on "race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LABOR CODE § 21.051. It is unclear to the Court how this statute relates to Plaintiff's Texas Whistleblower Act Claim. To the extent Plaintiff is attempting to allege a claim for discrimination under Section 21.051, Plaintiff has not pled any facts to support that the City took any employment actions based on race, color, disability, religion, sex, national origin, or age. Thus, to the extent Plaintiff intended to bring this claim, it is dismissed. The Court turns next to Plaintiff's Texas Whistleblower Act claim.

To state a claim under the Texas Whistleblower Act, a plaintiff must prove "1) he is a public employee; 2) he acted in good faith in making a report; 3) the report involved a violation of law by an agency or employee; 4) the report was made to an appropriate law enforcement authority; and 5) he suffered retaliation." *Tharling v. City of Port Lavaca*, 329 F.3d 422, 428 (5th Cir. 2003).

Plaintiff pleads in his Amended Complaint that he "engaged in protected activity by filing grievances internally concerning dereliction of public safety and Failure [sic] to carry out governmental functions."[17] The City moves to dismiss Plaintiff's Texas Whistleblower Claim arguing that Plaintiff has not adequately alleged (1) a reported violation of law, (2) that he reported

[16] Def.'s Mot. Dismiss 11–12, ECF No. 10.
[17] Pl.'s First Am. Compl. 13, ECF No. 8.

any violation of law to the appropriate authority, or (3) sufficient causation to support that he suffered retaliation.[18] Without explaining how, Plaintiff responds that "[a] casual [sic] connection exists as to the harm suffered by plaintiff" and that it would be "absurd" to read into the Texas Whistleblower Act a "require[ment] that there be some report to law authorities that bar plaintiff's claims."[19]

Nowhere in Plaintiff's Amended Complaint does he allege a violation of law or that he reported a violation of law to the appropriate authority. Plaintiff does allege that he "requested an investigation of Bonsu and others through the ethics portal presenting allegations to the City about Michael Bonsu delaying a public service request" and that he "filed a grievance against Bonsu, Richardson and Fletcher for not responding to [Plaintiff's] ethics complaint."[20] But the Texas Whistleblower Act defines "law" to include only: "(A) a state or federal statute; (B) an ordinance of a local governmental entity; or (C) a rule adopted under a statute or ordinance." TEX. GOV'T CODE § 554.001(1). "Other complaints and grievances, including alleged violations of an agency's internal procedures and policies, will not support a claim." *Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 188 (Tex. App. — Dallas 2012, pet. denied). A report is made to an appropriate law enforcement authority within the meaning of the Texas Whistleblower Act only if "the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." TEX. GOV'T CODE § 554.002(b). To satisfy the statute's good faith requirement, a Plaintiff must show he (1) believed

---

[18] Def.'s Mot. Dismiss 12–14, ECF No. 10.
[19] Pl.'s Resp. 6, ECF No. 11.
[20] Pl.'s First Am. Compl. 8, ECF No. 8.

that the conduct reported was a violation of law and (2) that his belief was reasonable in light of the employee's training and experience. *Wichita Cnty.. v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996).

Here, Plaintiff admits that he was filing internal grievances and does not allege any violation of law as defined under the Texas Whistleblower Act. He likewise does not plead that he reported any alleged violation to an appropriate law enforcement agency. Based on the facts pled, Plaintiff fails to allege that the conduct he reported was a violation of the law or that he in good faith reported an alleged violation to the appropriate authority. Thus, he has not adequately pled a claim under the Texas Whistleblower Act, and the Court need not decide whether he suffered retaliation. Accordingly, Plaintiff's Texas Whistleblower Act claim is dismissed.

**C. Leave to Amend**

Plaintiff has already amended his complaint once in response to the City's initial Motion to Dismiss. And although Plaintiff does not ask the Court for leave to amend, the Court nonetheless evaluates whether leave to amend should be given.

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). "Nevertheless, a party must 'expressly request' leave to amend. *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 Fed. Appx. 277, 280 (5th Cir. 2015) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Although "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if allowed to amend, a district court

may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Because Plaintiff has neither requested leave to amend nor indicated what he might add to a second amended complaint, the Court declines to *sua sponte* permit Plaintiff to amend his complaint a second time.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Defendant's Motion to Dismiss Plaintiff's Original Complaint (ECF No. 5) and **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 10). Plaintiff's Title VII Retaliation claim and Texas Whistleblower Act claim are **DISMISSED with prejudice**.

**SO ORDERED** on this **29th day of January, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE